UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20751-CR-GOLDBERG

UNITED STATES,

    Plaintiff,

v.

RYAN GAYLE,

    Defendant.
_____/

## OPINION AND ORDER

This matter is before the Court on Ryan Gayle's Motion for a New Trial (D.E. 68). The Court has reviewed this motion and the corresponding responses and replies.

### I. BACKGROUND

Ryan Gayle was charged with various conspiracy and possession offenses due to his alleged role in illegally importing marijuana into the United States. Gayle was tried before this Court from May 4-8, 2009, and the jury returned a verdict of guilty as to two of the three counts charged in the multi-count indictment. Subsequently, Gayle filed a Motion for a New Trial on four distinct grounds, which this Court will now address in turn.

### II. ALLEGED ERROR IN INTRODUCING THE VARIOUS TRANSCRIPTS

Gayle's first argument relates to the Court's treatment of the various transcripts in this case. Specifically, Gayle objects to: (1) the Court allowing the transcripts to be sent to the jury room; (2) the Court's restrictions on the defense's witness concerning the suggestibility of the

transcripts; (3) the Court's restrictions on closing argument; and (4) the Court's admonishment of defense counsel during closing argument. None of these arguments has merit.

First, as far as the jury's consideration of the transcripts, it is the preferred practice of the Eleventh Circuit that the parties develop a mutually agreed upon transcript. However, when a consensus transcript cannot be developed, each side is entitled to develop their own version of the transcript. United States v. Trent, 306 Fed.Appx. 482, 486 (11th Cir. 2009) (citing United States v. Garcia, 854 F.2d 1280 (11th Cir. 1988). Additionally, "the use of transcripts is not restricted to the time of presenting the tapes to the jury .... Absent a showing that the transcripts were inaccurate or that specific prejudice occurred, there is no error in allowing the transcripts to go to the jury room." Id. Here, a single set of transcripts could not be developed, and both sides introduced their versions at trial. The Court then allowed both sets of transcripts to go to the jury room for the jury's consideration with the instruction that the tapes of the actual conversations were the primary evidence. No error was committed by the Court in its handling of the various sets of transcripts under the precedent this circuit.

Second, Gayle objects to the Court's limitations on its witness regarding the preparation of the transcripts. The defense's witness was allowed to explain her methodology in preparing the transcripts, to discuss the number and types of differences between the two versions of transcripts, and to provide examples of the differences. The Court, however, did not allow this witness to discuss the actual meaning of the differences between the transcripts. The Court based this ruling on the fact that the witness was a transcriptionist, was not a native patois speaker, and was not a party to the conversations. Any additional explanation as far as the possible meaning of the differences in the transcripts was also inadmissible as hearsay. As such, the Court did not err in so limiting this witness's testimony or in limiting defense counsel from

discussing this during its closing arguments. Last, there was no prejudice from the Court's instruction to counsel on this issue during closing argument in light of its various rulings throughout the course of the trial.

## III. THE VERDICT WAS NOT CONTRARY TO LAW AND THE EVIDENCE IN THE CASE

Gayle's next argument is that the verdict is contrary to both law and the evidence in the case. No stated basis is given as to why this verdict goes against law and evidence in the case, however. Regardless, this argument lacks merit as the Court finds that sufficient evidence existed to support the jury's verdict. The government presented multiple tape recordings of conversations between the informant and the defendant, the testimony of several governmental witnesses, and evidence related to the seizure of the actual narcotics. This evidence is sufficient to support the jury's guilty verdict in this case.

## IV. THE JURY VERDICT PRESENTS NO ISSUE

Gayle also argues that the jury's verdict is inconsistent and improper based on a potential disconnect between the elements of the offenses; specifically the acquittal as to Count One and the conviction as to Counts Two and Three. However, no error is alleged as far as the verdict form or instructions that were given to the jury – which properly stated the applicable legal standards. In short, the instructions properly informed the jury of the various elements of each of the alleged offenses that the jury needed to find before it could convict. Based upon the evidence in this case, the Court finds that there was no error in the jury's determination that the government had met its burden of proof on two of the three counts, and therefore, will not grant the defendant a new trial on this basis.

## V. THE USE OF THE CONFIDENTIAL INFORMANT DID NOT VIOLATE PUBLIC POLICY

Gayle's last argument is that a new trial should be granted because it is against public policy to use an informant when the government knows that the informant is using drugs while serving as an informant and beyond. The Court agrees that the character of the confidential informant, in this case, was not without substantial flaws, but the confidential informant's use of drugs and non-payment of taxes are issues for the jury to consider in evaluating the credibility and reliability of the government's witness. It is difficult to ascertain what legal authority would grant this Court the ability to grant a new trial based upon its assessment of a confidential informant without impermissibly invading the province of the jury as the finder of fact or substantially hampering the government's future ability to prosecute drug offenses. Accordingly, Gayle's motion for a new trial on public policy grounds is also denied.

## VI. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that Gayle's Motion for a New Trial is **DENIED.**

**DONE AND ORDERED** in Chambers in New York, New York this 24th day of June, 2009.

Richard W. Goldberg

United States District Judge